FITZSIMMONS, J.
In 1996, plaintiff, Peggy West, sought renewal of her gaming employee permit. The Department of Public Safety denied her application for renewal. The denial was based on: (1) Ms. West’s failure to disclose, in her original application, a material fact; and (2) the finding that she was not “a person of good character, honesty, and integrity.” La. R.S. 27:70(1); see also La. R.S. 27:76(2). Ms. West requested a hearing. After the hearing, the Louisiana Gaming Control Board’s administrative hearing officer recommended denial of the application for renewal. Subsequently, the Louisiana Gaming Control Board (board) affirmed the denial of the gaming permit. Ms. West appealed to the Nineteenth Judicial District Court. The district court reversed the decision of the board, and ordered that the permit be renewed. The defendants, the State of Louisiana through the Department of Public Safety, and the board, appealed. We reverse the judgment of the district court.
Ms. West filled out her original application in 1994. The application included Section 4, entitled: “ARRESTS/DETENTIONS/LITIGATIONS (Include those arrests for which you were not convicted.).” Question A of Section 4 asked: “Have you ever been arrested, detained, charged, in-dieted, or summoned to answer for any criminal offense or violation for any reason whatsoever, regardless of the disposition of the event? (Except MINOR traffic citations.).” The question required a yes or no answer, with an open space for “details” of an affirmative answer. The explanation above the open space required a listing of all arrests and their disposition. Ms. West answered no, and left the space blank. Instructions for the permit application advised the applicant that “[mjaking any false statement in this application is a violation of [La. R.S.] 4:558 [, now La. R.S. 27:99,] and is punishable by law. The failure to reveal requested information is sufficient cause for denial.”
Ms. West failed to reveal an arrest in 1976 for theft and criminal mischief, and her plea of guilty to the reduced charge of unauthorized use of a movable. Additionally, she did not reveal a 1979 arrest for public drunkenness and resisting arrest, and her conviction for resisting arrest. Ms. West did not deny that she filled out Section 4 of the application, but testified that she did not remember filing out Section 4. She supposed 13that she must have thought the section pertained only to felonies, as did another application she had filled out.
In the development of the gaming industry, the legislature declared that the state must be kept “free from criminal and corrupt elements.” La. R.S. 27:2 A. To further a good reputation for the state and the gaming industry, the legislature further declared that “all persons, locations, *658 practices, associations, and activities related to the operation of licensed and qualified gaming establishments and the manufacture, supply, or distribution of gaming devices and equipment shall be strictly regulated.” Id; see also La. R.S. 27:42 ■ A(4).
A person is not eligible to receive a permit unless the “applicant is a person of good character, honesty, and integrity.” La. R.S. 27:70 A(l). The applicant’s criminal record and reputation must “not pose a threat to the public interest of this state or to the effective regulation and control of gaming, or create or enhance the dangers of unsuitable ... activities in the conduct of gaming ....” La. R.S. 27:70 A(2). Toward these goals, La. R.S. 27:76(2) provides that a permit shall not be awarded to a person disqualified for “[failure of the applicant to provide information and documentation to reveal any fact material to qualification, or the supplying of information which is untrue or misleading as to a material fact pertaining to the qualification criteria.” The law does not provide a definition for “fact material to qualification.” However, the Department of Public Safety and Corrections, Office of the Louisiana State Police, Riverboat Gaming Division has established helpful guidelines for permit review. One of these guidelines states that: “The following criteria requires denial of original or renewal application under the provisions of [La. R.S.] 27:70 A(l) and/or R.S. 27:70 A(2) ...: The applicant has the historical fact of guilt to one (1) misdemeanor offense involving theft or other misappropriation of money, goods, property, or credit during the ... lifetime of the applicant, combined with the appli-eant[’]s omission of this fact in his/her application.”
The hearing officer found that Ms. West’s failure to reveal an arrest for theft and a conviction for unauthorized use of a movable was a failure “to reveal [a] fact material to qualification.” Based on the material omission in the application of her criminal record, the hearing officer found Ms. West to be “unsuitable.” She did not meet the character standard of La. R.S. 27:70 A for permit eligibility.
|4The judicial standard of review for final agency decisions is found in La. R.S. 49:964. To reverse the board’s affirmance of the hearing officer’s recommendation, the district court must have found that the decision prejudiced substantial rights of the plaintiff. See La. R.S. 49:964 G. Unfortunately, the district court failed to provide its reasons for the reversal.
After a thorough review of the record, we can find no reasonable basis for the district court’s judgment. Specifically, the findings of the board were not arbitrary or capricious. See La. R.S. 49:964 G(5). The decision of the board was supported and sustained by a preponderance of the evidence. See La. R.S. 49:964 G(6). The record provides no other basis for reversal.
The application was clear.in its instructions. It was clear on the scope of the information sought. For the gaming industry in Louisiana to achieve and main- ■ tain a reputation for fair dealing, employees and employers must be held to the rules and standards enacted by the legislature. We agree that an arrest for theft and a conviction for unauthorized use of a movable, a crime categorized as' a misappropriation of property in the criminal code, are facts material to qualification. See La. R.S. 14:68. In this case, we note that the permit renewal was not denied merely on Ms. West’s past criminal record. It was the criminal record combined with the fatal omission on the application that disqualified Ms. West. Ms. West’s claims that she did not remember Section 4. She tendered an excuse to the hearing officer. She stated that she must have failed to read or misunderstood the questions. These reasons are not acceptable excuses for her significant, material omissions.
The board’s decision was a fair exercise of administrative authority in pursuit of the recognized legislative goals. It did not prejudice substantial rights of the plaintiff. *659 For these reasons, we reverse the judgment of the district court. We reinstate the decision of the board. The costs of the appeal are assessed to plaintiff, Peggy West.
REVERSED.